# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| RANDY GLENN JOHNSON | CIVIL ACTION NO. 19-1229 |
| VERSUS | JUDGE SUMMERHAYS |
| U.S. COMM'R S.S.A. | MAGISTRATE JUDGE WHITEHURST |

## REPORT AND RECOMMENDATION

Before the Court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, it is recommended that the Commissioner's decision be AFFIRMED.

## ADMINISTRATIVE PROCEEDINGS

The claimant, Randy Glenn Johnson, originally filed an application for supplemental security income ("SSI") on September 10, 2015, alleging disability beginning on January 1, 2012 due to spinal cord deterioration, a learning disability, nerve damage in three fingers, and ADD/ADHD.[1] His application was denied, and the claimant requested a hearing, which was held on January 11, 2018 before Administrative Law Rowena DeLoach, along with the assistance of a vocational expert ("VE").[2] The ALJ issued a decision on June 29, 2018,[3] concluding that the

---

[1] Tr. 164.
[2] The transcript of the hearing is found at. Tr. 23-53.
[3] Tr. 10-19.

claimant was not disabled within the meaning of the Social Security Act ("the Act") from the alleged onset date to the date of the decision, and the Appeals Council upheld the ALJ's decision on July 23, 2019.[4] Therefore, the ALJ's decision became the final decision of the Commissioner for the purpose of the Court's review pursuant to 42 U.S.C. §405(g). The claimant then filed this action seeking review of the Commissioner's decision.

## SUMMARY OF PERTINENT FACTS

The claimant was born on December 15, 1976 and was 38 years old at the time he applied for benefits. The claimant attended high school to the 11th grade, and he indicates in his application paperwork that he attended special education classes.[5] The claimant alleges that substantial evidence does not support the ALJ's findings that he does not meet a listed impairment; that he has the residual functional capacity ("RFC") to perform light work; and that he is not disabled.

## ANALYSIS

### A.   STANDARD OF REVIEW

Judicial review of the Commissioner's denial of disability benefits is limited to determining whether substantial evidence supports the decision and whether the proper legal standards were used in evaluating the evidence.[6] "Substantial evidence

---

[4] Tr. 1-3.
[5] Tr. 165.
[6] *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will only be found when there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[8]

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[9] In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner.[10] Conflicts in the evidence and credibility assessments are for the Commissioner to resolve, not the courts.[11] Four elements of proof are weighed by the courts in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience.[12]

---

[7] *Villa v. Sullivan*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).
[8] *Hames v. Heckler*, 707 F.2d at 164 (quoting *Hemphill v. Weinberger*, 483 F.2d 1137. 1139 (5th Cir. 1973), and *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973)).
[9] 42 U.S.C. § 405(g); *Martinez v. Chater*, 64 F.3d at 173; *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).
[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Villa v. Sullivan*, 895 F.2d at 1021; *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Carey v. Apfel*, 230 F.3d at 135; *Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir. 2001).
[11] *Martinez v. Chater*, 64 F.3d at 174.
[12] *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991); *Martinez v. Chater*, 64 F.3d at 174.

## B. <u>Entitlement to Benefits</u>

The Disability Insurance Benefit ("DIB") program provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.[13] Every individual who meets certain income and resource requirements, has filed an application for benefits, and is determined to be disabled is eligible to receive Supplemental Security Income ("SSI") benefits.[14]

The term "disabled" or "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."[15] A claimant shall be determined to be disabled only if his physical or mental impairment or impairments are so severe that he is unable to not only do his previous work, but cannot, considering his age, education, and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if he applied for work.[16]

---

[13] See 42 U.S.C. § 423(a).
[14] 42 U.S.C. § 1382(a)(1) & (2).
[15] 42 U.S.C. § 1382c(a)(3)(A).
[16] 42 U.S.C. § 1382c(a)(3)(B).

## C.     Evaluation Process and Burden of Proof

The Commissioner uses a sequential five-step inquiry to determine whether a claimant is disabled. This process required the ALJ to determine whether the claimant (1) is currently working; (2) has a severe impairment; (3) has an impairment listed in or medically equivalent to those in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) is able to do the kind of work he did in the past; and (5) can perform any other work at step five.[17] If it is determined at any step of that process that a claimant is or is not disabled, the sequential process ends. "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis."[18]

Before going from step three to step four, the Commissioner assesses the claimant's residual functional capacity[19] by determining the most the claimant can still do despite his physical and mental limitations based on all relevant evidence in the record.[20] The claimant's residual functional capacity is used at the fourth step to determine if he can still do his past relevant work and at the fifth step to determine whether he can adjust to any other type of work.[21]

---

[17] 20 C.F.R. § 404.1520; see, e.g., *Wren v. Sullivan*, 925 F.2d at 125; *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 271-72 (5th Cir. 2002); *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).
[18] *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), cert. den. 914 U.S. 1120 (1995) (quoting *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987)).
[19] 20 C.F.R. § 404.1520(a)(4).
[20] 20 C.F.R. § 404.1545(a)(1).
[21] 20 C.F.R. § 404.1520(e).

The claimant bears the burden of proof on the first four steps.[22] At the fifth step, however, the Commissioner bears the burden of showing that the claimant can perform other substantial work in the national economy.[23] This burden may be satisfied by reference to the Medical-Vocational Guidelines of the regulations, by expert vocational testimony, or by other similar evidence.[24] If the Commissioner makes the necessary showing at step five, the burden shifts back to the claimant to rebut this finding.[25] If the Commissioner determines that the claimant is disabled or not disabled at any step, the analysis ends.[26]

### D. THE ALJ'S FINDINGS AND CONCLUSIONS

In this case, the ALJ determined that the claimant has not engaged in substantial gainful activity since September 10, 2015, his application date.[27] This finding is supported by the evidence in the record.

At step two, the ALJ found that the claimant has the following severe impairments: herniated lumbar disc, ulnar nerve injury affecting the right hand, and attention deficit hyperactivity disorder ("ADHD").[28] This finding is supported by evidence in the record.

---

[22] *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.
[23] *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.
[24] *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).
[25] *Perez v. Barnhart*, 415 F.3d at 461; *Masterson v. Barnhart*, 309 F.3d at 272; *Newton v. Apfel*, 209 F.3d at 453.
[26] *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992), citing *Johnson v. Bowen*, 851 F.2d 748, 751 (5th Cir. 1988). See, also, 20 C.F.R. § 404.1520(a)(4).
[27] Tr. 12.
[28] Tr. 12.

At step three, the ALJ found that the claimant has no impairment or combination of impairments that meets or medically equals the severity of a listed impairment.[29] The claimant challenges this finding, however, his brief consists of a one-line statement to this effect with no citation to the record or any explanation of which Listing he allegedly satisfies. Considering the foregoing, the undersigned concludes that this issue has been waived by the claimant. *See Perez v. Barnhart*, 415 F.3d 457, 462 n.4 (5th Cir. 2005) (issue waived due to inadequate briefing).

At step four, the ALJ found that claimant has the residual functional capacity to perform light work with the following exceptions: no more than occasional balancing, stooping kneeling, crouching, crawling, and climbing ramps and stairs. The claimant is further limited to performing unskilled work with no strict time limits or production quotas and is best suited for work performed alone.[30] With the assistance of the VE, the ALJ determined that there are significant numbers of jobs that the claimant can perform, therefore, he determined that the claimant is not disabled.

E. **THE ALLEGATIONS OF ERROR**

The claimant alleges that the ALJ erred as follows:

- erred at Step 4 in finding that the claimant has the RFC for light work with certain exceptions;

---

[29] Tr. 12-13.
[30] Tr. 14.

- erred in concluding that the claimant is not disabled.

The undersigned will address each of the claimant's assignments of error in turn.

### 1. Residual Functional Capacity

The claimant challenges only the ALJ's physical RFC assessment, arguing that the ALJ erred in concluding that the claimant has the residual functional capacity to perform light work with limitations. Specifically, the claimant argues that the ALJ erred in concluding that he can ambulate effectively; erred in failing to find no evidence of nerve root compression accompanied by sensory or reflex loss; and erred in failing to find no evidence of disorganization of motor function in two extremities.

The RFC determination is an administrative assessment based on the totality of the evidence and represents the extent to which a claimant's impairments and related symptoms affect his capacity to do work-related activities. *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184 at *3. The assessment of a claimant's work capacity is reserved solely to the ALJ and is based on all of the evidence, not just the medical evidence. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. § 416.945(a)(1); SSR 96-8p at *5, *7. Affirming that the ALJ has the sole responsibility for determining the RFC, the Fifth Circuit stated, "the ALJ properly interpret[s] the medical evidence to determine [a claimant's] capacity for work." *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012).

It is the ALJ's responsibility to weigh the evidence, resolve material conflicts in the evidence, and decide the case. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988). The ALJ's RFC determination is "granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the [ALJ's] decision or finds that the [ALJ] made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). A reviewing court may not reweigh the evidence or substitute its judgment for the ALJ's judgment even if the evidence weighs against the ALJ's determination. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). "In practice, this means that a reviewing court must affirm the Commissioner, even when the court disagrees with the Commissioner's decision, so long as it is supported by some evidence that any reasonable fact finder might accept." *Washington v. Barnhart*, 413 F. Supp. 2d 784, 791 (E.D. Tex. 2006).

Plaintiff alleges that the ALJ's RFC determination is flawed because it is controverted by his own subjective testimony regarding his functionality and is not supported by an agency physician. The claimant also argues that MRI results show he has nerve root compression accompanied by sensory/reflex loss. He argues that his limitations are "extreme," that he has a history of falling, and he reports pain and loss of motor function in his right hand.

The record shows that the ALJ properly discussed the medical evidence and the claimant's subjective statements, concluding that while the claimant's

9

impairments could reasonably be expected to cause symptoms, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. Specifically, the ALJ determined that while the record showed the claimant has a herniated disk in his lumbar spine and loss of motor strength in his right hand, other medical evidence shows he has "great" muscle tone and development in his right arm and hand, and there were no neurological deficits, motor strength or sensation loss, or positive straight leg raise tests.[31]

The ALJ noted that the claimant received treatment and medication for his complaints of back and arm/hand pain, but that the claimant repeatedly declined physical therapy and injections, and stated he would not pursue surgical options until after he received disability benefits.[32] *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991) (lack of treatment is an indication of non-disability). The claimant's physical examinations during the relevant period show almost totally normal back observations but for some tenderness, as well as normal motor and sensory examinations.[33]

MRIs dated August 19, 2015 revealed disc herniation at L5/S1 compromising the right lateral recess and right lateral foramen including contact with the right L5

---

[31] The ALJ globally referenced Exhibits 1F-6F, medical records located at Tr. 209-427, in support of this finding.
[32] Tr. 15-16, 343, 350, 355, 359, 364.
[33] Tr. 15-17, 331, 335, 340 (no adverse findings regarding claimant's back or musculoskeletal examination), 345, 361, 365.

and S1 nerve roots.[34] Office visit notes in October 2015 showed the claimant complained of generalized muscle weakness, low back pain, and right hand pain. While the claimant demonstrated 2/5 motor strength in the right 3/4/5 digits and clawing of the 4/5 digits, there was no muscle atrophy. Rather, the muscles in the right upper extremity were noted to be more developed than the left upper extremity.[35]

Abbeville General Hospital records dated July 5, 2017 and September 22, 2017 show the claimant admitted that he took no medication.[36] On September 22, 2017, the claimant went to the hospital reporting that he "keeps falling," however, physical examination showed little more than tenderness of the low back. Sparse, conservative treatment weighs against a finding of disabling pain.[37] *See Parfait v. Bowen*, 803 F.2d 810, 813-14 (5th Cir. 1986). The claimant reported to doctors at Abbeville General that he was being evaluated by a neurosurgeon in New Orleans, but that he had stopped following up with the neurosurgeon until he obtained disability benefits.[38] The claimant was repeatedly noted to have "no risk for fall" between 2015 through 2017.[39] Furthermore, his records fail to show that the claimant had any limitations placed on him regarding his ability to walk or sit, or

---

[34] Tr. 292.
[35] Tr. 316-18.
[36] Tr. 360, 364-365.
[37] Tr. 364-65.
[38] Tr. 364.
[39] Tr. 339, 344, 351, 356.

that he received instructions to use a cane or other assistive device regarding his subjective complaints of falls. The record instead shows relatively normal functioning and unheeded instructions to seek follow-up care with neurosurgery. Specifically, the ALJ noted that the claimant has declined physical therapy and epidural steroid injections 3-4 years after being approved for lumbar surgery, remarking that if the claimant were in extreme pain as he alleges, he would have sought more intense treatment.[40]

Kristin Garrard, MD, a state agency medical consultant, reviewed the record and completed a physical RFC in December 2015 that indicated the claimant has the ability to perform medium work.[41] The ALJ considered this opinion but gave it little weight, finding that the opinion was not consistent with the findings of lumbar disc herniation and the loss of motor function in the right hand. Rather, the ALJ found the claimant's RFC was subject to more limitations than that found by the examining consultant. State agency medical consultants are highly qualified doctors who are also experts in Social Security disability evaluation, and the regulations specifically direct ALJs to consider the findings and opinions of State agency medical experts. *See* 20 C.F.R. § 416.913a(b)(1); *see also Richardson*, 402 U.S. at 408-09. Here, the doctor's less restrictive RFC finding supports the ALJ's RFC determination, and

---

[40] Tr. 18.
[41] Tr. 54-63.

contradicts the claimant's argument that no medical opinion evidence exists that supports the ALJ's determination.

Here, the ALJ properly considered all of the evidence of record in assessing the claimant with an RFC for a reduced range of light work, and the claimant has failed to show that substantial evidence does not support his determination.

### 2. Finding of non-disability

At the administrative hearing, the ALJ questioned the VE about a hypothetical claimant with the claimants' age, education, and work experience, as well as his ability to perform light work with no more than occasional balancing, stooping kneeling, crouching, crawling, and climbing ramps and stairs; is limited to performing unskilled work with no strict time limits or production quotas and is best suited for work performed alone. The VE testified that such an individual would be able to performs jobs that exist in significant numbers in the national economy, including the specific jobs of janitor and price marker, and each existed in significant numbers in the national economy.[42]

"The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *See Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995). Once the ALJ properly determined the claimant's RFC and questioned the

---

[42] Tr. 18-19, 47-48.

VE about jobs existing with those limitations, the ALJ properly relied on the VE's testimony to demonstrate the existence of a significant number of specific jobs in the national economy that the claimant can perform with the RFC the ALJ determined. *Bowling*, 36 F.3d at 436; *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). As stated previously, the undersigned concludes that the ALJ's RFC assessment is supported by substantial evidence therefore the ALJ's reliance on the testimony of the VE at the hearing was proper.

Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990); *Fraga*, 810 F.2d at 1302. Here, the claimant does not satisfy his burden. *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985) (ALJ is not bound by VE testimony which is based upon evidentiary assumptions ultimately rejected by the ALJ).

Considering the foregoing, the ALJ concluded that the claimant is not disabled.

## **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned finds that the ALJ applied appropriate legal standards in ruling on this case, and the ALJ's findings are based on substantial evidence in the record. Accordingly,

**IT IS THE RECOMMENDATION** of the undersigned that the decision of the Commissioner be **AFFIRMED** and this matter dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 30th day of June, 2021.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**